# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF
KAREN E. ROSS, BAR NO. 9299.

No. 74509

**FILED**

SEP 07 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

## ORDER APPROVING CONDITIONAL GUILTY PLEA

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that this court approve, pursuant to SCR 113, a conditional guilty plea in exchange for a stated form of discipline for attorney Karen Ross. Under this agreement, Ross admitted to violations of RPC 1.15 (safekeeping property). The agreement provides for a three-year suspension, with all but six months stayed, compliance with certain terms during the stayed portion of the suspension, and payment of $2,500 in fees plus the actual costs of the disciplinary proceedings.

Ross has admitted to the facts and violations alleged in the complaint. The record therefore establishes that Ross failed to maintain sufficient funds to protect all client obligations in her trust accounts; that she allowed her trust accounts to repeatedly fall below the client obligations that they should have held; that she comingled personal, business, and client funds in her trust accounts; and that she failed to promptly deliver client funds to clients and third parties, including her own earned attorney fees.

In determining the appropriate discipline, we weigh four factors: "the duty violated, the lawyer's mental state, the potential or actual injury caused by the lawyer's misconduct, and the existence of aggravating or mitigating factors." *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008). In this case, Ross violated duties owed to her clients

18-35033

by not safekeeping their funds in her trust accounts. Ross' mental state was reckless in that that she knew or should have known of her ongoing failure to protect client funds, but she lacked any intent to harm her clients. While at least one client was delayed in receiving funds, there was no other actual injury from the trust account mismanagement, but there was potential for further injury. The panel adopted the parties' agreed-upon five aggravating factors (selfish motive, pattern of misconduct, multiple offenses, vulnerability of victims, and substantial experience in the practice of the law) and seven mitigating factors (absence of prior discipline, absence of dishonest motive, personal or emotional problems, timely good faith effort to make restitution or rectify consequences of misconduct, full and free disclosure to disciplinary board, character or reputation, remorse).

The baseline sanction for the misconduct at issue, before considering aggravating and mitigating circumstances, is suspension. *See* Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standard 4.12 (Am. Bar Ass'n 2017) (providing that suspension is appropriate when an attorney "knows or should know that he is dealing improperly with client property and causes injury or potential injury to a client"). In light of the foregoing, we conclude that the agreed-upon three-year suspension with all but six months stayed is appropriate. The duration of the suspension along with the other imposed conditions are sufficient to serve the purpose of attorney discipline—to protect the public, the courts, and the legal profession, not to punish the attorney. *State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988). Thus, we conclude that the guilty plea agreement should be approved. *See* SCR 113(1) ("The tendered plea is subject to final approval or rejection by the supreme court if the stated form of discipline includes disbarment or suspension.").

 

Accordingly, we hereby suspend attorney Karen E. Ross from the practice of law in Nevada for three years, with all but the first six months stayed, commencing from the date of this order. Ross shall be on probation during the stayed portion of her suspension, subject to the following conditions:

a) Ross will maintain only one Trust Account;

b) Ross will not have sole access to her Trust Account;

c) Ross will place her Trust Account under the management of a CPA firm familiar with lawyer IOLTA Trust Account management and requirements (not an employee of her law firm);

d) All withdrawals from the Trust Account, including online transactions, will require joint authorization of Ross and the designated member of the CPA firm;

e) Ross will facilitate the CPA firm's provision to the State Bar of:

(i) quarterly reports from the CPA firm, concerning Trust Account transactions;

(ii) both her personal affirmation and the affirmation of the CPA firm that no transactions have occurred within the Trust Account during that quarter that were not approved by the CPA firm;

(iii) bank Trust Account and operating account records for the relevant quarter;

(iv) additional client documents (disbursement sheets, liens, lien negotiations, billing invoices and cost invoices, etc.), within fifteen (15) days of the State Bar's request for any such information;

f) Ross will institute and maintain a conflict check program to include all consultations with prospective clients, and document confirmation of that system to the State Bar within thirty (30) days

of the entry of the Panel's Findings and Recommendation consistent with this Plea;

g) Ross will immediately remove any prospective conflict waiver language from her client Engagement Letter, said language being void in violation of RPC 1.7.

If Ross violates any of these conditions or engages in the unauthorized practice of law during the course of the actual suspension, the stay will be revoked and the full suspension will be imposed. Ross is further ordered to pay administrative costs in the amount of $2,500 plus the costs associated with the disciplinary proceedings within 30 days from the date of this order, if she has not already done so. The parties shall comply with SCR 115 and SCR 121.1.[1]

It is so ORDERED.

_____, C.J.
Douglas

_____, J.
Cherry

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Gibbons

_____, J.
Hardesty

_____, J.
Stiglich

---

[1]In addition to the notices and disclosures required by SCR 121.1, the Bar shall send a copy of this order to any other state bar wherein Ross is licensed to practice law.

cc: Greenberg Traurig, LLP/Las Vegas
Chair, Southern Nevada Disciplinary Panel
Bar Counsel, State Bar of Nevada
Kimberly K. Farmer, Executive Director, State Bar of Nevada
Perry Thompson, Admissions Office, U.S. Supreme Court